UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

VICTOR TRILLO, individually and as successor-in-interest to AMANDA METZ, deceased,

            Plaintiff,

     v.

CHELA MARIA HINESLEY, PA-C, an individual, et. al.,

            Defendants.

No. 2:26-cv-0188 WBS DMC

ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO AMEND

----oo0oo----

        Plaintiff originally filed this wrongful death action in the Shasta County Superior Court, bringing only state law claims.  (Docket No. 1 at 2.)  Defendant Novo Nordisk ("Novo") then removed to this court based on diversity jurisdiction.  (Id. at 4; see 28 U.S.C. § 1332.)  Novo then filed a motion to dismiss, which plaintiff did not answer.  (Docket Nos. 8, 11.)  Instead, plaintiff filed a motion to remand on March 10, 2026, concurrently with an amended complaint that he filed, apparently

1

in error, with the Shasta County Superior Court.  (Docket No. 12.)  Plaintiff corrected his error by moving for leave to file his amended complaint in this court on March 17, 2026.  (Docket No. 15.)  This latter motion is unopposed.

Plaintiff's proposed amended complaint would add an additional plaintiff, Georgie Ruduan Hage III ("Georgie"), the 19-year-old biological son of Amanda Metz, who is the decedent in this action.  (Id. at 2.)  Plaintiff argues that the addition of Georgie, a California citizen, destroys diversity and thus compels remand, absent any other basis for subject matter jurisdiction.  (Id.)  Defendants do not deny that several defendants are California citizens for purposes of jurisdiction. (Docket No. 1 at 4.)

A request for leave to amend is generally granted under Rule 15, which is applied with "extraordinary liberality." Morongo Band of Mission Indians v. Rose, 893 F. 2d 1074, 1079 (9th Cir. 1990).  Plaintiff argues that 28 U.S.C. § 1447(e) applies to his request because he "seeks to join [an] additional part[y] whose joinder would destroy subject matter jurisdiction." (Docket No. 15 at 4.)  However, "[o]n its face, [§ 1467(e)] refers to joinder of additional defendants, not plaintiffs." Phillips v. Berkeley Unified Sch. Dist., No. 22-cv-2605 EMC, 2022 WL 3133848, at *1 (N.D. Cal. Aug. 5, 2022); see 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").  Plaintiff's cited cases all involve joinder of additional defendants, (see Docket No. 15

at 4), and the court is unaware of any cases applying § 1447(e) to joinder of plaintiffs.  Accordingly, the court will apply Rule 15(a).

When assessing whether to grant leave to amend under Rule 15, courts commonly consider (1) bad faith on the part of the movant; (2) undue delay in filing the motion; (3) prejudice to the opposing party; and (4) futility of the proposed amendment.  Argueta v. J.P. Morgan Chase, No. 11-cv-441 WBS, 2011 WL 4006686, at *1 (E.D. Cal. Sept. 8, 2011).

Having reviewed plaintiff's motion, and the motion being unopposed, the court finds granting leave to amend proper. The court sees no indication of undue delay, bad faith, or prejudice.  An amendment joining Georgie is also far from futile, as courts have overwhelmingly held that, in wrongful death cases brought pursuant to California law, "all heirs [of the decedent] must join or be joined . . . and there cannot be a series of separate wrongful death suits."  Est. of Elkins v. Pelayo, No. 1:13-cv-1483 AWI SAB, 2020 WL 2571387, at *5 (E.D. Cal. May 21, 2020) (collecting cases); see Cal. Civ. P. Code § 377.60. Accordingly, "absent heirs," such as Georgie, "are considered necessary parties" in such cases.  Backer v. U.S., No. 1:13-cv-1552 AWI GSA, 2014 WL 4267500, at *3 (E.D. Cal. Aug. 29, 2014) (collecting cases).

Plaintiff has also sufficiently established that Georgie is domiciled in California.  Domicile is determined by physical presence and an intent to remain and may be shown through objective indicia of a person's ties to the forum.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

Plaintiff has submitted evidence demonstrating such indicia, including Georgie's California school identification card, his California address, and a birth certificate identifying the decedent -- a California citizen -- as his mother.  (Docket No. 15-1 at 2-7; see Stephens v. Liberty Mut. Ins. Co., No. 24-cv-4218 HSG, 2025 WL 3013970, at *2 no. 1 (N.D. Cal. Oct. 28, 2025) (finding that "allegations about residency coupled with [plaintiff's] efforts to amend his complaint with citizenship information" were sufficient for diversity purposes).

Joinder being proper, and Georgie being domiciled in California, plaintiff's proposed amended complaint thus destroys diversity and necessitates remand.  See Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 38 (2025) ("[I]n removed cases, amending a complaint to join a non-diverse party destroys diversity jurisdiction . . . [and] the federal court must remand the case to the state court it began in."); Palm Silage, Inc. v. Evanston Ins. Co., No. 8:20-cv-1525 SB KES, 2020 WL 8027780, at *3 (C.D. Cal. Nov. 20, 2020) ("When diversity jurisdiction is destroyed upon granting leave to amend . . . remand is required."); Guzman v. LG Chem Michigan Inc., No. 20-cv-7778 JFW SKX, 2020 WL 13682492, at *2 (C.D. Cal. Oct. 22, 2020) ("Given that the Court has granted Plaintiff leave to file his proposed Amended Complaint, which destroys diversity jurisdiction, the Court remands this action[.]").

IT IS THEREFORE ORDERED that plaintiff's motion for leave to file an amended complaint (Docket No. 15) be, and the same hereby is, GRANTED.  That being the case, and this court now lacking subject matter jurisdiction, IT IS FURTHER ORDERED that

this case be, and the same is hereby, REMANDED to Superior Court for the State of California, in and for the County of Shasta. All other pending motions are hereby DENIED as moot.

Dated:  April 22, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE